**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**TYRONE WALKER,**

                               **Plaintiff,**

  vs.                                                      **9:10-cv-01431
                                                               (MAD/DEP)**

**DALE ARTUS, Superintendent, Clinton
Correctional Facility; THOMAS LAVALLEY,
First Deputy Superintendent, Clinton Correctional
Facility; IMAM ASSALLAMI FADL, Chaplain,
Clinton Correctional Facility,**

                               **Defendants.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**TYRONE WALKER
95-A-5258**
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**        **MEGAN M. BROWN, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     Plaintiff filed a *pro se* civil rights complaint against a broad array of corrections employees, alleging several deprivations of his civil rights. In his complaint, Plaintiff sets forth several claims alleging violations of his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), as well as the First, Eighth, and Fourteenth Amendments to the United States Constitution. In a February 27, 2012 Report,

Recommendation and Order, Magistrate Judge Peebles recommended that the Court grant in part and deny in part Defendants' motion to dismiss and deny Plaintiff's motion for leave to amend his complaint and join additional parties without prejudice to renewal. *See* Dkt. No. 40. On March 26, 2012, the Court adopted the Report, Recommendation and Order and, as a result, only three Defendants remain in this action, including Dale Artus, Thomas LaValley, and Imam Assallami A. Fadle. The only claims that survived Defendant's motion to dismiss are Plaintiff's RLUIPA and First Amendment causes of action arising from allegations that Defendants failed to permit him to observe Jumu'ah service. *See* Dkt. No. 40 at 47-48; Dkt. No. 43 at 19.

In a September 27, 2013 Report and Recommendation, Magistrate Judge Peebles recommended that the Court grant the remaining Defendants' motion for summary judgment and dismiss this case. *See* Dkt. No. 64. Specifically, Magistrate Judge Peebles found that Defendants' decision to deny Plaintiff's requests for access to Jumu'ah services through closed circuit television or an audio feed was reasonably related to articulable legitimate penological interests, including safety and the cost of installing the necessary equipment, and that their denial furthers those interests, as required under the RUILPA. *See id.*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept,

2

reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Morever, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d

652 (1972) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, No. 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidenced" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F. 2d 18, 21 (2d Cir. 1991)).

Upon review of Magistrate Judge Peebles' Report and Recommendation, the Court finds that Magistrate Judge Peebles correctly determined that Defendants' motion for summary judgment should be granted. Magistrate Judge Peebles correctly determined that there is substantial record evidence illustrating a connection between Defendants' refusal to install the necessary equipment to permit Plaintiff to view or listen to Jumu'ah services and a governmental objective, as well as the potential impact on DOCCS corrections officers, inmates, and resources. Specifically, DOCCS Deputy Commissioner of Facilities Joseph F. Bellnier set forth numerous security concerns surrounding Plaintiff's demands. *See* Dkt. No. 57-4. These concerns are rationally related to legitimate government objectives. Further, the evidence establishes that the requested relief would be unduly burdensome on DOCCS. *See id.*; *see also* Dkt. No. 57-6.

Further, Magistrate Judge Peebles correctly determined that Directive 4202 establishes several accommodations Muslim SHU inmates receive for their religious beliefs and that the denial of participation in congregate religious services is only one of many traditions that is

4

denied while an inmate is confined in the SHU. *See* Dkt. No. 64 at 23; *see also O'Lone*, 482 U.S. at 351-52; *Vega v. Lantz*, No. 04-CV-1215, 2009 WL 3157586, *6-*7 (D. Conn. Sept. 25, 2009).

Finally, the Court finds that Magistrate Judge Peebles correctly determined that the Court should grant Defendants' motion as to Plaintiff's RLUIPA claim. Defendants' denial of Plaintiff's request for Jumu'ah services to be provided by way of video or audio feed further a compelling government interest and represent the least restrictive means necessary.

After careful review of Magistrate Judge Peebles' Report and Recommendation, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' September 27, 2013 Report and Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 57) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 30, 2013
       Albany, New York

Mae A. D'Agostino
U.S. District Judge